UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1252-DSF (SP) | Date | May 11, 2012 |
|---|---|---|---|
| Title | LINDSAY C. ROSS v. STATE OF CALIFORNIA, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Sanctions Should Not Be Imposed, and Directing Further Action by Parties

## Plaintiff's Failure to File Status Report

Under paragraph nine of the court's November 29, 2011 Case Management and Scheduling Order, each party, either individually or jointly, was required to file a status report no later than April 30, 3012.  Defendants complied with this order through a status report filed April 27, 2012.  But more than a week after the deadline, plaintiff has failed to file such a status report.  Nor has plaintiff made any other communication with the court.  Plaintiff is therefore in violation of the court's order.  As such, plaintiff is ORDERED to submit the ordered status report and to show cause why sanctions should not be imposed for failure to comply with the court order by ***May 25, 2012***.

As provided in the court's November 29, 2011 case management order, plaintiff's status report – which must now be filed by **May 25, 2012** – must comply with the following guidelines:

The status report shall contain the following information: (a) a summary of the proceedings to date and a statement of the principal issue(s) raised by the case; (b) a statement as to whether all parties have been served, and if not, a proposed deadline by which service will be completed; (c) a statement as to whether other parties will be added or amended pleadings will be filed, and if so, a proposed deadline by which those steps will be taken; (d) a description of any discovery completed, and a schedule for any future discovery; (e) a list of contemplated motions, if any, along with proposed dates for the filing and hearing of such motions; (f) an estimate of the time likely to be required for trial, and a statement as to whether trial by jury is desired and has been properly requested; (g) a description of any settlement negotiations that have occurred, and a recommendation as to the form of settlement conference or other method of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1252-DSF (SP) | Date | May 11, 2012 |
|---|---|---|---|
| Title | LINDSAY C. ROSS v. STATE OF CALIFORNIA, et al. | | |

alternative dispute resolution that would be most appropriate given the nature of this case; and (h) any suggestions the parties may wish to make regarding the management of this action.

In addition, defendants have raised a number of issues in their status report. Plaintiff should address these issues in his status report, as described below.

### Response to Issues Raised in Defendants' Status Report

Defendants ask the court to modify and add to the deadlines set in its case management order. Certain of the deadlines defendants ask the court to set – those to file motions in limine and other trial motions, to submit pretrial documents, and for a pretrial conference and trial – will not be set at this time by the assigned magistrate judge. Absent the parties' consent to have the case heard by a magistrate judge, any trial of this case will be before the assigned district judge, who will set all such trial-related dates.

As to the other deadlines and continuances defendants request, the court is inclined to set certain of the deadlines, and is amenable to granting reasonable continuances. The court is concerned with the length of the requested extensions, including the request to extend the deadline to complete discovery by five months, and to continue the deadline to file dispositive motions by almost six months. Before deciding any of these matters, the court will consider plaintiff's status report. Thus, the court ORDERS that in plaintiff's status report, plaintiff must specifically state his position on whether the following deadlines need to be set or extended, and if so, what the appropriate deadlines should be:

- Setting of last day to amend complaint or add/serve parties
- Extension of deadline to serve written discovery requests
- Setting of expert disclosure and report deadline
- Extension of deadline to notice depositions
- Extension of discovery cutoff
- Extension of deadline to file discovery motions
- Extension of deadline to file substantive motions

If defendants wish to reply respecting any of these points, they may file a written reply within 7 days of the filing of plaintiff's status report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1252-DSF (SP) | Date | May 11, 2012 |
|---|---|---|---|
| Title | LINDSAY C. ROSS v. STATE OF CALIFORNIA, et al. | | |

      Defendants state that they have received conflicting information from plaintiff as to whether he is signed up to receive electronic service of documents filed by the court, and as to plaintiff's proper mailing address for service of items such as discovery requests. Court records indicate that plaintiff is indeed receiving electronic service of court-filed documents. But the court also notes – to the extent this is not clear to any of the parties – that while plaintiff will receive electronic service of filed documents, as a non-lawyer plaintiff may not actually file his documents electronically; he still will need to file manually. Further, the court ORDERS plaintiff to include in his status report a single mailing address at which he agrees to and will receive any documents served by mail, including discovery requests.

      Defendants ask the court to strike certain language from the complaint, based on the parties' agreement stated in the Joint Report filed on January 4, 2012. Given the parties' apparent agreement, the court will order this, unless plaintiff states some compelling reason why it should not in plaintiff's status report.

      Finally, in their status report, defendants have requested the court to dismiss the State of California and, to the extent named, the Regents of the University of California, contending that they are immune from this suit under the Eleventh Amendment. The court will not dismiss defendants based on a request in a status report. If defendants wish to seek dismissal of any defendant, they should file a properly noticed motion.